(88 South. 340)

### RAY v. STATE.   (7 Div. 668.)

(Court of Appeals of Alabama.   Feb. 1, 1921.)

1. Witnesses &#8478;363(2)—Defendant cannot impeach own witness.

Where defendant was jointly indicted with another, but, on motion of such other, a severance was granted, and on defendant's trial he introduced a witness, who testified that he had been a witness against the other, and had testified in such case, and was asked if he had a talk with his own father before testifying, court did not err in refusing to permit defendant's counsel to show the state of feeling existing between the witness' father and the defendant, since defendant could not impeach his own witness.

2. Witnesses &#8478;388(5) — Proper to question witness as to testimony in trial of coindictee for purpose of laying predicate of impeachment.

It was competent for the solicitor on cross-examination to ask defendant's witness if he had not, at a former trial of one charged jointly with the defendant with the offense for which defendant was now being charged, testified to certain facts, for the purpose of laying a predicate for impeachment.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Wesley Ray was convicted of manufacturing prohibited liquor, and he appeals. Affirmed.

The defendant was jointly indicted with one Murt Rhodes, but on motion of Rhodes a severance was granted, and the defendant tried alone. The defendant introduced one Berry Fryer as a witness, who testified that he had been a witness against Rhodes and had testified in Rhodes' case, and was asked if he had a talk with his own father before testifying, and defendant's counsel then attempted to show the state of feeling existing between the father of Berry Fryer and the defendant, but the court declined to allow him to do so.

Ross Blackmon and J. B. Holman, both of Anniston, for appellant.

Court erred in not permitting the evidence of the witness Frye. 122 Ala. 97, 26 South. 210, 82 Am. St. Rep. 23; 100 Ala. 114, 14 South. 648; 130 Ala. 265, 30 South. 592; 5 Ala. App. 8, 59 South. 549; 11 Ala. App. 190, 65 South. 702.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

SAMFORD, J. [1] It was not permissible for the defendant to prove by Berry Fryer, his own witness, that he (Berry Fryer) had talked with witness' father about the case, before the trial. Witness' father was not a witness in the case, nor in any way connected with it. The testimony was entirely immaterial, but, according to this record, that part of the testimony was not objected to, and is a part of the evidence. The point presented by the record is, the court sustained an objection to defendant's impeaching his own witness. This is so obviously correct as not to need comment.

[2] It was competent for the solicitor on cross-examination to ask the defendant's witness Berry Fryer if he had not, at a former trial of one Rhodes, charged, jointly with the defendant, with the offense for which defendant was now being tried, testified to certain facts, for the purpose of laying a predicate for impeachment.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

&#8478;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes